IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY BRYSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:  5:18-cv-00546 |
| | § | |
| EDGEWOOD INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES JOHNNY BRYSON hereinafter referred to as Plaintiff, complaining of

**EDGEWOOD INDEPENDENT SCHOOL DISTRICT**, (hereinafter referred to as either

"EISD" or "the District"), Defendant, and for cause of action would respectfully show unto this

Honorable Court as follows:

## I.
## PARTIES

1. Plaintiff, Johnny Bryson is a former employee of Edgewood Independent School District,

and is currently a resident of Menifee, Riverside County, California.

2. Defendant, **EDGEWOOD INDEPENDENT SCHOOL DISTRICT**, is a political

subdivision of the State of Texas and may be served with process by serving its Interim

Superintendent, Phillip Chavez, at the Administrative Offices of Edgewood Independent School

District, 5358 W. Commerce Street, San Antonio, Texas, 78237.

1

## II.
## JURISDICTION AND VENUE

3.      This is a civil rights action for monetary damages and attorney's fees.  It is brought under Title VII of the Civil Rights Act of 1964, as amended in 1991, with jurisdiction authorized and conferred on the Court by 28 U.S.C. §§1331 and 1343.

4.      Jurisdiction is proper in this venue pursuant to Rule 57 of the Federal Rules of Civil Procedure and because the acts complained of occurred in this District.

## III.
## FACTUAL BACKGROUND

5.      Plaintiff, Johnny Bryson (hereinafter "Bryson"), was hired by Edgewood Independent School District (hereinafter "EISD"), as an ROTC instructor.  Plaintiff had not received any negative employee evaluations or reprimands during his employment with Defendant.

6.      On August 8, 2016, Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission (451-2016-02767), alleging discrimination and harassment on the basis of race, Black.  On September 6, 2016, Plaintiff withdrew his Charge with the understanding that he would no longer be harassed and his vacation days that had been wrongly charged would be restored.  The vacation days were never restored, and the harassment continued.  On February 1, 2017, Plaintiff tendered his resignation effective February 24, 2017.

7.      On February 3, 2017, Mr. Bryson was initially stopped for a traffic violation for speeding in a school zone by Edgewood ISD police officers at  8:10 am.  Mr. Bryson states he was not being detained by the Edgewood ISD officer.  In fact, as Mr. Bryson relates, the officer gave him back his driver's license after he refused to sign the speeding ticket.

2

After Mr. Bryson drove off from the scene of the traffic stop, he reported to work and performed his duties as he normally would.

Two hours later, at about 10:15 am, the school principal, Ms. Zelene Aragon, asked Mr. Bryson to accompany her to her office, where he was subsequently ambushed by three Edgewood ISD officers, who immediately placed him in handcuffs and escorted him off campus in front of students and other faculty members.   The officers never read him his Miranda rights or told him why they were there, they just handcuffed him and "perp walked" him outside to the waiting police car.

The Edgewood ISD police held Mr. Bryson for three hours without allowing to call for legal assistance or otherwise exercise his legal rights.  After five hours downtown, the Edgewood ISD police charged Mr. Bryson with a Third-Degree Felony – Evading a Police Officer. However, that charge was dismissed by the District Attorney's office.  Mr. Bryson's car was towed, and he had to pay for the expense of recovering it.

The District states its treatment of Mr. Bryson was anything but racially motivated; but statistics on the stopping and arrest of African-American males by non-Black police officers is well known.  In addition, the failure to inform Mr. Bryson of his right, and the charges against him, also weigh heavily in Mr. Bryson's favor for his claims of discriminatory conduct.  Finally, the collaboration of the principal, Ms. Aragon, in the eventual arrest and handcuffing of Mr. Bryson is also indicative of discriminatory treatment based on race, or retaliation, or both.

The following week, on February 9, 2017, the District put Mr. Bryson on administrative leave with pay until his resignation became effective on February 24, 2017.  Plaintiff resigned, believing he could no longer work in a school district that subjected him to harassment and a

3

hostile work environment, would allow this unlawful detention to happen to its employees, and where the school principal collaborated to make this happen.  This constitutes a hostile work environment for Mr. Bryson and helps to substantiate his claims of constructive discharge.

**IV.**
**STATUTORY VIOLATIONS**

7.     The actions of the Defendant violated the Civil Rights Act of 1964, as amended, by creating a hostile work environment with the sole purpose of discriminating against a member of a protected class.  Plaintiff further complains that the Defendant's actions violated the Civil Rights Act of 1964, as amended, and resulted in the disparate treatment of Plaintiff, a member of a protected class.

**EMPLOYMENT DISCRIMINATION UNDER TITLE VII**

8.     Plaintiff complains that the arrest, and subsequent detainment were pretextual in nature, and designed to discriminate against him because of his membership in a protected class, African-American (race), and in retaliation for having engaged in a protected activity.

9.     These actions by the District are evidence that the Defendant participated in acts in violation of the Civil Rights Act of 1964 as amended.  The actions of the Defendant were solely intended to create a hostile work environment for Plaintiff as a result of his race (African-American), and in retaliation for having participated in a protected activity.

10.     As a result of the conduct of the Defendant on February 3, 2017, Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights alleging statutory violations against the Defendants.  The EEOC issued a Dismissal and Notice of Rights on February 28, 2018, which was mailed on March 1, 2018, and received on March 5, 2018.  Plaintiff has therefore exhausted all his

4

administrative remedies and is properly before this Court in the filing of this lawsuit. All conditions precedent for filing this lawsuit have been satisfied.

## V.
## DAMAGES

11.    Due to the violations of the aforementioned Acts, Plaintiff has suffered a loss of income in the past and a loss of income in the future. Plaintiff seeks damages in the form of front pay, back pay, as well as loss of any benefits which should have accrued to Plaintiff in the event of continued employment. Plaintiff suffered humiliation and mental anguish with a consequential loss of the enjoyment of life.

12.    Plaintiff further seeks all attorney's fees and costs associated with this litigation as provided for by each Act stated above and under 42 U.S.C. §1988.

## VI.
## JURY DEMAND

Plaintiff, Johnny Bryson, asserts his rights under Title VII of the Civil Rights Act of 1964, as amended, and makes a demand for jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and from the Defendant for all the damages in an amount in excess of the minimum jurisdictional limits of this Court, reasonable attorney's fees as allowed by statute, expenses and costs, together with costs of court, and pre-judgment and post-judgment interest at the highest legal rate. Plaintiff further prays for any and all further relief to which he shows himself to be justly entitled, either at law or in equity.

Respectfully Submitted,

PITTARD LAW FIRM
1777 NE Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@pittardlegal.com

By: _____
        R. CHRIS PITTARD
        State Bar No. 00794465
        ATTORNEY FOR PLAINTIFF
        JOHNNY BRYSON